IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEAN BLAISE MUAYILA MUAYILA, A206-755-279 | * * * |
| Petitioner | * * |
| v. | * Civil Action No. JKB-15-3070 |
| | * |
| LORETTA LYNCH, Attorney General of the United States, et al., | * * * |
| Respondents | * |
| | *** |

**MEMORANDUM**

This matter is before the court pursuant to Jean Blaise Muayila Muayila's counselled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF 1. Respondents filed a response seeking to deny and dismiss the petition and to lift the court's stay of removal order. ECF 8.

Petitioner is an alien detainee in the custody of Immigration and Customs Enforcement ("ICE"). At the time this petition was filed on January 29, 2016, he was housed at the Howard County Detention Center in Jessup, Maryland. Petitioner asserts that he has been detained longer than the six-month period presumptively valid under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), and should be released from custody. Respondents assert petitioner is not entitled to relief under *Zadvydas* because he fails to satisfy his burden to demonstrate there is no significant likelihood of removal in the reasonably foreseeable future, and any alleged unreasonable delay in his removal is a direct result of his own conduct. For reasons to follow, the petition will be DENIED AND DISMISSED and the stay of removal order shall be LIFTED.

**PROCEDURAL HISTORY**

Petitioner is a native and citizen of the Democratic Republic of the Congo ("DRC"). He is married to a United States citizen. He was granted asylum status in France, but states he no longer has a home or family there. On May 25, 2013, Petitioner was admitted into the United States from France as a non-immigrant visitor with authorization to stay for six months.

On September 10, 2014, France issued a warrant for Petitioner's arrest for sexual crimes he is alleged to have committed between 2007 and 2013. The U.S. Marshals Service Capital Region Task Force referred Petitioner's case to ICE based on the arrest warrant in France.

On September 15, 2014, ICE arrested petitioner, and issued a Notice to Appear. ECF No. 8-2. ICE charged petitioner with being removable as an alien in violation of the law because he "remained in the United States beyond six months without authorization." *Id*; 8 U.S.C. § 1227(a)(1)(B). ICE also determined that petitioner should be detained pending the outcome of his removal proceedings. On October 20, 2014, the Immigration Judge ("IJ") denied petitioner's request for a change in custody status.

At a master calendar hearing, petitioner admitted all factual allegations and charges in the Notice to Appear. ECF 8-3. Petitioner requested asylum, withholding of removal, and protection pursuant to the Convention Against Torture. The IJ conducted a hearing on petitioner's applications on February 9, 2015. On February 11, 2015, the IJ issued a written decision and order, denying petitioner's application for asylum, but granted his application for withholding of removal to the DRC. *See id*. at 9. The IJ ordered Petitioner "may be removed to France under the alternate order of removal." *Id.* The IJ noted that neither petitioner nor the record presented reason for him to fear his return to France. *Id*. at 8. The decision stated petitioner "must depart the United States in accordance with this Court's order and that any failure to depart could lead

to serious consequences, including the imposition of civil and criminal penalties under INA §§ 243 and 274D." *Id*. at 9.

Petitioner did not appeal the IJ's decision within 30 calendar days. Accordingly, the order became administratively final on March 16, 2015. *See* 8 C.F.R. §§ 1003.38, 1003.39. Petitioner subsequently filed a motion to reopen removal proceedings with the Immigration Court, which the IJ denied on May 14, 2015. ECF 8-9. Petitioner appealed the denial to the Board of Immigration Appeals ("BIA") and alleges that appeal remains pending.[1] ECF 1 ¶ 14; ECF 8-10 ¶ 3 (Declaration of Christian Lewis (Jan. 28, 2016)).

ICE obtained a travel document from the Consulate General of France, in Washington, D.C., to permit petitioner's removal to France and scheduled his removal for June 22, 2015, on a commercial airline. ECF 8-10 at ¶ 4. (Declaration of Christian Lewis); ECF 11 (Notice Pursuant to 8 CFR § 241.4(g)(4)); ECF 8-12 (Laissez-Passer (June 4, 2015)). At the airport, Petitioner refused to board the commercial flight to France and created a public disturbance by yelling and screaming. ICE aborted the removal attempt. ECF 8-10 ¶ 4. Petitioner was issued a Notice of Failure to Comply, ECF 8-13, and his removal was rescheduled for July 20, 2015. ECF 8-12 ¶ 4.

On June 30, 2015, petitioner filed an action in this court seeking injunctive relief prohibiting his removal from the United States and an order that his removal is illegal. *See Muayila Muayila v. Lynch, et al*., Civil No. WMN-15-1934. On July 2, 2015, Judge Nickerson ordered the matter transferred to the U.S. Court of Appeals for the Fourth Circuit for review and stayed Petitioner's removal from the United States pending further order from the Fourth Circuit. *See id*. On September 23, 2015, the Fourth Circuit dismissed the petition for review for lack of

---

[1] The filing of a motion to reopen an IJ's decision "shall not stay the execution of any decision made in the case" and execution of the decision "shall proceed unless a stay of execution is specifically granted by the Immigration Judge, the Board, or an authorized officer of the Service." 8 C.F.R. § 1003.23(b)(1)(v); *see also Patel v. Ashcroft*, 378 F.3d 610, 611-12 (7th Cir. 2004). Petitioner proffers no evidence a stay of execution has been ordered as to the IJ's removal decision.

jurisdiction and lifted the stay of removal. *See Muayila Muayila v. Lynch*, Appeal No. 15-1766.

ICE scheduled petitioner's removal to France for January 26, 2016, on a charter flight. ECF 8-10 at ¶ 4. In anticipation of petitioner's removal, ICE again obtained a travel document from the Consulate General of France issued on January 13, 2016, which was valid until February 12, 2016. *See id.*; Exhibit No. 13 (Laissez-Passer (Jan. 13, 2016)). Petitioner was transferred to Batavia, New York, in anticipation of removal. ECF 8-10 at ¶ 4.

On October 8, 2015, petitioner filed the instant habeas petition, seeking an individualized bond hearing and a prohibition on his transfer out of the District of Maryland during the pendency of this action and while petitioner remains in ICE custody. On November 30, 2015, the court ordered respondent to answer the petition within 60 days.

On January 21, 2016, petitioner filed an emergency motion to stay removal pending disposition of writ of habeas corpus, a motion to expedite response to the emergency motion to stay removal pending disposition of writ of habeas corpus, and a request for a teleconference. That same day, the court granted the emergency motion to stay removal, "to the extent that respondents are barred from deporting petitioner until further order from this court." ECF 6. The court denied petitioner's request to be transferred to a facility within the District of Maryland, the motion to expedite response, and the request for a teleconference.

## DISCUSSION

After a removal order becomes final, ICE must detain the alien until he is removed for up to ninety days (the "removal period"). *See* 8 U.S.C. § 1231(a)(2). In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that post-removal-order detention under 8 U.S.C. § 1231(a) is implicitly limited to a period reasonably necessary to bring about the alien's removal

from the United States and does not permit indefinite detention. The Court held that after an order of deportation became final, an alien may be held for a six-month period. After this period,

> [o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 700. The purpose of detaining a deportable alien is to insure his presence at the moment of removal. *See id*. at 697-99. In cases where it is unlikely that removal will occur, detention of the alien no longer serves this purpose. *See Clark v. Martinez*, 543 U.S. 371, 384 (2005) (removal was not reasonably foreseeable where repatriation negotiations for removal of inadmissible aliens to Cuba had ceased).

*Zadvydas* held that post-removal-order detention pursuant to 8 U.S.C. § 1231(a)(6) does not authorize the Attorney General to detain an alien indefinitely beyond the removal period, but limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. *Zadvydas,* 533 U.S. at 689. After six months of post-removal-order detention, if an alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. at 700–01.

The post-removal-order 90-day period and the *Zadvydas* six-month presumptively reasonable detention period are subject to an important statutory exception, such that "[t]he removal period shall be extended beyond a period of 90 days and the alien may remain in

detention during such extended period if the alien . . . acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C). *See also Dinh v. McCormick*, Civ. No. WMN–12–2275, 2013 WL 141575, *2 (D. Md. Jan. 10, 2013) ("six-month presumptively reasonable removal period was tolled" where petitioner "was presented with, but repeatedly refused to complete, the form necessary to begin the process of obtaining travel documents for Vietnam"); *Diallo v. Pereira*, Civ. No. AW–07–348, 2007 WL 5230798, *3 (D. Md. June 29, 2007) (applicable periods "are tolled" when "an alien fails to cooperate with the Department of Homeland Security or otherwise impedes his removal").

Petitioner asserts that he "has not tried to fetter or hamper his removal from the United States, but only attempted to assert his legal rights to pursue all legal avenues available to him under U.S. law to regularize his status here." ECF 1 at ¶ 21. He claims ICE attempted to illegally remove him on June 22, 2015, by taking him to the airport even though he had no legitimate traveling document and his BIA appeal is pending. *Id*. at ¶ 15.

Travel documents to France have been secured twice for petitioner by ICE, which belies his assertion that removal is not significantly likely in the reasonably foreseeable future. Petitioner has refused to cooperate in ICE's efforts to facilitate his removal to France. In light of these circumstances, petitioner fails to demonstrate there is no significant likelihood of removal in the reasonably foreseeable future, and the Court concludes his refusal to cooperate has impeded the effort to effectuate his removal.

To the extent petitioner contends that ICE is attempting to forcibly remove him to France without proper travel documents because he is neither a citizen nor resident of France, ECF 1 at ¶ 21, the IJ designated France as a country for petitioner's removal under the INA because France is "[t]he country from which the alien was admitted to the United States" and "[t]he

country in which is located the foreign port from which the alien left for the United States." 8 U.S.C. §§ 1231(b)(2)(E)(i), (ii); *see also Jama v. Immigration & Customs Enforcement*, 543 U.S. 335, 337 (2005) ("When an alien is found ineligible to remain in the United States, the process for selecting the country to which he will be removed is prescribed by 8 U.S.C. § 1231(b)(2).").

Petitioner has admitted to remaining in the United States longer than permitted and is removable on that ground. He has failed to show there is no significant likelihood of removal in the reasonably foreseeable future, and his petition will be denied and dismissed. The stay of removal order shall be lifted.

## CONCLUSION

For these reasons, the court concludes that petitioner is not entitled to habeas relief and shall lift the stay of removal. A separate order shall follow.


February 22, 2016                                              /s/
Date                                                      James K. Bredar
                                                     United States District Judge